NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS CUNNINGHAM, Individually
and On Behalf of All Others Similarly
Situated,

                    Plaintiff-Appellant,

  v.

IDENTIV, INC.; et al.,

                    Defendants-Appellees.

No.    17-15220

D.C. No. 3:15-cv-05775-CRB

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Before:  FERNANDEZ and McKEOWN, Circuit Judges, and BENITEZ,** District
Judge.

    In this putative class action, lead plaintiff Thomas Cunningham appeals the

district court's dismissal of his Second Amended Complaint alleging securities

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

fraud by Identiv Inc., Identiv's former CEO Jason Hart, and Identiv's former CFO Brian Nelson in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *See* 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b–5. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

Cunningham failed to adequately plead scienter as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995. Fed. R. Civ. P. 9(b); 15 U.S.C. § 78u-4(b); *see also Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809–10 (2011) (listing the required elements of a private securities fraud claim). Cunningham failed to allege specific facts giving rise to a strong inference, "at least as compelling as any opposing inference," that the defendants acted with contemporaneous intent to defraud investors. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314, 324 (2007).

Nor did Cunningham adequately plead loss causation. *See Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1209 (9th Cir. 2016). Cunningham failed to establish a "causal connection between [a] material misrepresentation and the loss" faced by the plaintiffs. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005). The second

2

amended complaint lacked specific facts indicating that "the decline in the defendant's stock price was proximately caused by a revelation of fraudulent activity rather than by changing market conditions, changing investor expectations, or other unrelated factors." *Loos v. Immersion Corp.*, 762 F.3d 880, 887 (9th Cir. 2014).[1]

We adopt the detailed and well-reasoned analysis in the district court's order entered January 4, 2017.

**AFFIRMED.**

---

[1] Because Cunningham fails to allege a primary violation, his claim for control person liability under Section 20(a) also fails. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 n. 15 (9th Cir. 2002); 15 U.S.C. §78t(a).